Timothy DYKENS, Petitioner,

v.

Peter ALLEN, Respondent.

Civil Action No. 04–10544–NMG.

United States District Court,
D. Massachusetts.

Oct. 3, 2008.

Susanne G. Reardon, Office of the Attorney, General, Boston, MA, for Respondent.

## MEMORANDUM & ORDER

GORTON, District Judge.

The petitioner, Timothy Dykens ("Dykens"), is currently serving a life sentence for the commission of various crimes. After this Court denied his petition for habeas corpus, he has moved for the issuance of a Certificate of Appealability ("COA").

### I. *Background*

Dykens was convicted of first degree murder, attempted aggravated rape and kidnapping on June 12, 1996, in the Massachusetts Superior Court and was sentenced to life imprisonment. He filed a petition for habeas corpus pursuant to 28 U.S.C. § 2254 on March 16, 2004. Contrary to the requirements of § 2254, Dykens' petition included some claims that had not been exhausted in state court, so on June 17, 2005, this Court ordered Dykens to resubmit his petition with only exhausted claims or else face dismissal of his petition. On August 3, 2005, after Dykens failed to file an amended petition, this Court entered an order of dismissal. However, because this Court later learned that Dykens had failed to receive notice of the June 17 order, it allowed Dykens' motion for reconsideration on December 8, 2005.

Dykens thereafter submitted an amended petition stating only exhausted claims. In his petition, Dykens sought relief on three grounds: 1) the trial court's alleged error in permitting note-taking by the jury during part of its charge, 2) ineffective assistance of counsel and 3) the trial court's alleged error in refusing to allow anyone to enter or leave the courtroom during the jury charge. In a Memorandum & Order entered November 29, 2007, this Court denied Dykens' motion and dismissed the petition.

This Court found that Dykens' first ground for relief related to a matter of state law upon which federal habeas relief could not be granted. Dykens' second ground suffered for the same reason and also because this Court found that the Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA") precluded the relief Dykens sought. Finally, with respect to the third ground, this Court found that it, too, failed under the AEDPA.

Dykens brings the pending COA application with respect to the Court's dismissal of his petition for habeas corpus. He contends that a COA should be granted on the grounds that 1) his claim of the trial court's error regarding juror note-taking is not subject to state-law procedural default, 2) the same claim can be raised because his counsel's failure to object to jury note-taking at trial was due to "surprise" and 3) three of his claims relating to ineffective assistance of counsel are not barred by his failure to raise them in his motion for a new trial. This Court will address each ground in turn.

## II. *Discussion*

### A. Legal Standard

■ Pursuant to 28 U.S.C. § 2253(c)(2), "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right". In deciding upon an application for a COA, a district judge must state which issues, if any, satisfy the standard set forth in § 2253(c)(2) or the reasons for denying the application. First Cir. Loc. R. 22.1(a).

■ The exact standard for issuance of a COA depends upon whether the petition for which appeal is sought was denied upon substantive or procedural grounds. *See Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). Because Dykens' petition for habeas corpus was denied on the merits, this Court may issue a COA if "the petitioner ... demonstrate[s] that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong". *Id.*

### B. Analysis

■ The first issue upon which Dykens seeks a COA is the Court's conclusion that it cannot grant federal habeas relief for state-law procedural default. Dykens refers to his counsel's failure to object when jurors were allowed to take notes while the trial judge explained the law applicable to the case but not while he covered general matters of jury procedure, including the burden of proof and presumption of innocence. The failure to object in a Massachusetts court is, however, an instance of default under the Massachusetts procedural rules. *See, e.g., Brewer v. Marshall,* 119 F.3d 993, 1001–02 (1st Cir. 1997) (finding that the failure to make a timely objection is "a classic example of procedural default" under Massachusetts'

contemporaneous objection rule), quoting *Burks v. Dubois,* 55 F.3d 712, 716 (1st Cir.1995). Such state-law default constitutes an independent and adequate state ground, which this Court has consistently held to preclude federal habeas review of the alleged error. *See, e.g., Olszewski v. Spencer,* 369 F.Supp.2d 113, 132–33 (D.Mass.2005); *Manisy v. Maloney,* 283 F.Supp.2d 307, 311 (D.Mass.2003). Therefore, this Court concludes it did not err in refusing to grant habeas relief for the failure of Dykens' counsel to object.

■ The second issue for which Dykens seeks a COA, i.e. that allowing jury notetaking was an error because it was a surprise, is also unpersuasive. In federal courts, "note taking is universally permitted in the discretion of the judge" and in state courts that is the "majority rule". *Commonwealth v. St. Germain,* 381 Mass. 256, 408 N.E.2d 1358, 1366–67 (1980); *see also Commonwealth v. Dykens,* N.E.2d 1107, 1113 (Mass.2003) ("Juror notetaking has long been approved in this Commonwealth[.]"). A trial judge may decide whether to allow the jury to take notes, subject only to an abuse of discretion standard. *United States v. Porter,* 764 F.2d 1, 12 (1st Cir.1985) (citing a long list of cases); *Commonwealth v. Wilborne,* 382 Mass. 241, 415 N.E.2d 192, 200 (1981).

■ The third and final basis on which Dykens seeks a COA relates to his three claims of ineffective assistance of counsel that were not raised in his motion for a new trial. In dismissing Dykens' initial petition, this Court concluded that those claims, just as with respect to Dykens' objections to the note-taking procedure, are procedurally defaulted. In general, a claim of ineffective assistance of counsel is properly raised in a motion for a new trial. *See* Mass R.Crim. Pro. 30; *Barry v. Ficco,* 392 F.Supp.2d 83, 97 (D.Mass. 2005). If it is not so raised, it is waived

and thus procedurally defaulted unless there was an insufficient factual basis for the petitioner to have raised it in such a motion. *See* Mass R.Crim. Pro. 30; *Barry v. Ficco,* 392 F.Supp.2d 83, 97 (D.Mass. 2005). Because Dykens argued the same claims of ineffective assistance of counsel to the Massachusetts Supreme Judicial Court as he argues here, presumably he had a sufficient basis to repeat this argument in his motion for a new trial. *See Dykens,* 784 N.E.2d at 1116. Having failed to do so, those claims were waived. Accordingly, Dykens' final argument is also unavailing.

Dykens has failed to show that he has been denied a constitutional right and, as such, his application for a COA must also fail.

## ORDER

In accordance with the foregoing, Petitioner's request for a Certificate of Appealability (Docket No. 41) is **DENIED.**

So ordered.